IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRYSTAL GONZALES,

        Plaintiff,

vs.                                                                CIV 19-0018 KBM

ANDREW SAUL, Commissioner
of the Social Security Administration,

        Defendant.

## **ORDER GRANTING § 406(b) ATTORNEY FEES**

THIS MATTER is before the Court on Plaintiff's Motion for an award of $17,843.00 in attorney fees under 42 U.S.C. § 406(b)(1). *Doc. 31.* Defendant declined to take a position with regard to the reasonableness of the requested award. *Doc. 33.* Today, the Honorable James O. Browning approved the parties' request that I rule on the pending motion pursuant to 28 U.S.C. § 636(c). *Doc. 34.* Being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and should be granted.

Plaintiff instituted an action seeking judicial review of Defendant's denial of her application for Social Security disability benefits. This Court reversed the decision of the Commissioner, remanded for a new hearing, and awarded EAJA fees in the amount of $5,000.00. *See Docs. 28-30.* Following this Court's remand, the Social Security Administration found Plaintiff to be disabled and withheld $17,843.00, which represents 25% of the awarded past-due benefits, in the event that Plaintiff's counsel was to bring a claim for attorney fees pursuant to the 25% retainer agreement. Plaintiff's counsel now seeks the full amount withheld to cover compensation for legal services performed

in federal court.

A court may award attorney fees under § 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006). In doing so, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which "are awarded to the prevailing party in addition to and separate from fees awarded for representation before the court[,]" § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008) (citations omitted). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the United States Supreme Court expressly held that "§406(b) does not displace contingent-fee agreements within the statutory ceiling; instead §406(b) instructs courts to review for reasonable fees yielded by those agreements. . . ." *Id*. at 808 (citations omitted). In other words, Section 406(b) does not prohibit contingency fee agreements, but it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Id.* at 807.[1] Additionally, §406(b) requires the court to act as "an independent check" to ensure that fees are reasonable even if less than 25% of the past-due benefits because there is no

---

[1] On March 26, 2021, Counsel's fee petition requesting $10,000.00 for work at the administrative level was approved. This award is not subject to the 25% cap on contingency fee awards for work done in court on Plaintiff's behalf. *See Culbertson v. Berryhill*, ___ U.S. ___, 139 S. Ct. 517, 521-23 (2019) (Section 406(b)(1)(A)'s 25% cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b)).
.

presumption that 25% is reasonable. *Id.* at 807 n.17.

Counsel bears the burden of demonstrating the reasonableness of the fees. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808 (citations omitted). Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that the legal representation Attorney Barbara Jarvis provided to Plaintiff was more than adequate, and she obtained a <u>fully</u> favorable decision. Moreover, Counsel did not delay the proceedings before this Court; the instant Motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits.

Given the appeal's complexity and the experience of Attorney Jarvis, the Court further finds that the requested fees for the full amount of 25% as permitted by the retainer agreement are proportionate given the amount of time (27.6 hours) spent on the case. In *Gisbrecht*, the United States Supreme Court rejected the lodestar method for calculating § 406(b) attorney fees for Social Security disability cases. 535 U.S. at 798-99. The lodestar method involves multiplying the number of hours reasonably devoted to a case by the reasonable hourly fee. *See id.*

Nevertheless, the court is to disallow what would amount to a "windfall" for a lawyer. If the court finds that "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *See id*. at 808. "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" may be used by the court. *Id.* Thus, *Gisbrecht* permits reference to an equivalent hourly rate in a court's assessment of reasonableness of an attorney award pursuant to a contingency retainer agreement.

An attorney's experience is another relevant factor when considering § 406(b) fee requests. *See Gordon v. Astrue*, 361 F. App'x 933, at *2-3 (10th Cir. 2010) (noting that in addition to the *Gisbrecht* factors, the trial court also considered the factors established in *McGuire v. Sullivan,* 873 F.2d 974, 983 (7th Cir. 1989), which include the attorney's experience). As Chief Magistrate Judge Carmen E. Garza observed, Ms. Jarvis's "experience includes 30 years as an attorney in Social Security cases in addition to 16 years performing psychological and vocation evaluations." *Herrera v. Saul*, CIV 19-0140 CG, Doc. 34 at 5 (D.N.M. 2019). Such experience would have proven invaluable in advocating Plaintiff's issues on appeal and reducing the time necessary to research, develop and set forth relevant arguments for remand.

In the *Herrera* case, Judge Garza awarded § 406(b) fees of $20,000 for 25 hours work in federal court, which equates to $800 per hour. Here, as in the *Herrera* case, Attorney Jarvis argues that the EAJA fees that she must return to Plaintiff ($5,000) should be excluded when calculating an effective hourly rate.

She fails to inform this Court, however, that Judge Garza <u>expressly</u> rejected that argument in *Herrera*:

> As the Commissioner rightly notes, counsel's requested fee of $20,000.00 for twenty-five hours of work amounts to an hourly rate of $800.00 . . . . Counsel's argument otherwise—that her hourly rate is effectively $640.00— is incorrect and misunderstands how §406(b) fees are paid. . . . In other words, the $20,000.00 counsel seeks in § 406(b) fees will not be reduced by the $4,030.00 that this Court previously awarded Ms. Herrera in EAJA fees. . . . After all, the purpose of refunding the lesser award is "[t]o prevent double payment of fees for the same work." *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). Thus, the Court finds that counsel seeks an hourly rate of $800.00.

*Herrera,* CIV 19-0140 CG, Doc. 34 at 4 (citations omitted). Although Judge Garza's ruling is not binding on this Court, that determination is certainly persuasive, and its inclusion would have been most helpful in rendering the instant decision. The Court therefore requests that should Ms. Jarvis again choose to make this argument in the future, she notify any other judge from this District of both my and Judge Garza's ruling on this issue.

Dividing the 25% contingency amount ($17,843) by the expended work hours (27.6) results in an effective hourly rate of $646. The requested attorney fees would therefore be in line with other fee awards authorized in this District under § 406(b). *See e.g., Marquez v. Astrue*, CIV 10-1165 CG *(Doc. 30)* (awarding $10,105 for 18.9 hours, or $529.00 per hour); *Dimas v. Astrue*, CIV 03-1157 RHS *(Doc. 34)* (awarding $17,000 for 38.26 hours or $444.23 per hour); *Reinhart v. Berryhill*, CIV 14-0381 LAM *(Doc. 34)* (awarding $10,782.70 for 14.5 hours or $743.63 per hour). Having performed its "independent check" duties, the Court finds enforcing the 25% contingency fee agreement to be both appropriate and reasonable.

Wherefore**,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for attorney fees under § 406(b) is **granted.** The Court hereby authorizes $17,843.00 in attorney fees for legal services rendered in the United States District Court, to be paid by the Social Security Administration. Counsel is instructed to refund to Plaintiff the EAJA fee award of $5,000.

_____
UNITED STATES MAGISTRATE JUDGE